Lodewyk Kicky ENOCH, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–70420.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2008 *.

Filed Oct. 22, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Gregory Darrell Mack, Esquire, Senior Litigation Counsel, David M. McConnell, Esquire, OIL, Hillel Smith, Esquire, DOJ–U.S. Department of Justice, Washington, DC, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM **

Lodewyk Kicky Enoch, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc), and we deny the petition for review.

The agency denied Enoch's asylum application claim as time-barred. Enoch does not challenge this finding in his opening brief.

■ Substantial evidence supports the agency's denial of withholding of removal. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir. 2004) applies to Indonesian Christians, and in the context of withholding of removal, Enoch has not established a clear probability of future persecution. *See id.* at 1184– 85. Further, Enoch failed to establish a pattern or practice of persecution of Chris-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tians in Indonesia. *See Lolong,* 484 F.3d at 1180.

█ Substantial evidence also supports the agency's determination that Enoch is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**